IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROOSEVELT JONES,

    Plaintiff,

v.

SUBURBAN PROPANE, INC., a foreign corporation,

    Defendant.

CASE NO. 4:13cv-_115_-_____

## VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

PLAINTIFF, ROOSEVELT JONES, (hereinafter "JONES"), by and through the undersigned counsel, files this Verified Complaint and Demand for a Jury Trial against Defendant, SUBURBAN PROPANE, INC, a foreign corporation (hereinafter "SUBURBAN"), and alleges the following.

### JURISDICTION

1.   JONES invokes this Court's jurisdiction under 42 U.S.C. § 1981.

2.   The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. ROOSEVELT JONES is a 58-year-old, African-American, male citizen of the United States, residing in Leon County, Florida, at 1126 Bethel Church Road, Tallahassee, Florida 32304.

4. At all times pertinent JONES was employed by SUBURBAN.

5. The Defendant is SUBURBAN PROPANE, INC. (hereinafter "SUBURBAN"). At all times material hereto, SUBURBAN is and was a foreign, profit corporation, organized in the state of Delaware, and existing at its Principal Address of 240 Route 10 West, Whippany, NJ 07981 US, and was, in fact, conducting business in Leon County, Florida, at 4420 Woodville Highway, Tallahassee, Florida 32305. SUBURBAN is and was JONES's employer within the meaning of 42 U.S.C. § 1981.

## STATEMENT OF THE CASE

6. JONES began his employment with SUBURBAN in March of 1977.

7. SUBURBAN had 17 employees, including JONES, at the time JONES was illegally terminated.

8. At the time he was illegally terminated, JONES was SUBURBAN's only African-American employee.

9. In 2009, JONES and L.C. Davis, another, long-term SUBURBAN employee were the only African-Americans employed at the Woodville Highway location.

10. In 2009, JONES and Davis learned that less-qualified, white employees were being paid a higher salary than they were.

2

11. In response to the fact that less-qualified, white employees were being paid a higher salary than they were, JONES and Davis each filed a Charge of Discrimination with the Florida Commission on Human Relations and received a salary increase and back pay when the case was settled in 2010.

12. After resolving his discrimination claim, L.C. Davis resigned from SUBURBAN. Shortly after JONES's employment discrimination case was resolved, JONES' Supervisor, Mack Hacker, a white male, hired Marcus Holton, an African-American employee. Holton was fired in less than a year. JONES, once again, became the only African-American employee at the store.

13. On June 23, 2012, JONES's nephew called SUBURBAN and told Hacker that JONES had been drinking and using drugs.

14. Based on JONES's prior record, and Hacker's knowledge of JONES's character, Hacker knew or should have know there was no truth to the allegations of JONES's drinking and drug use.

15. On June 26, 2012, Hacker terminated JONES's employment based on the nephew's reported allegations of JONES's drinking and drug use.

16. Hacker then hired a white male to replace JONES after JONES's employment was terminated.

17. Hacker's decision to hire and then quickly fire another African-American employee provides further support for the conclusion that Hacker does not want any African-American employees at SUBURBAN.

3

18. Furthermore, when JONES's nephew falsely reported that JONES had been drinking and using drugs, SUBURBAN did not act in accordance with the Drug and Alcohol Policy outlined in SUBURBAN's employee handbook.

19. The Drug and Alcohol Policy states that when someone alleges that a SUBURBAN employee is drinking and/or using drugs, the employee's supervisor or a Company official is required to make a reasonable suspicion determination regarding the allegations.

20. The Drug and Alcohol policy also states that once the employee's supervisor or a Company official makes a reasonable suspicion determination, SUBURBAN is to issue an alcohol test within two hours of the determination and/or that SUBURBAN is to issue a controlled-substance test within thirty-two hours of the determination as appropriate.

21. JONES was never given an alcohol test or a controlled-substance test.

22. The fact that JONES was never given either test is further evidence of SUBURBAN's desire to terminate JONES for race-based and retaliatory reasons and supports the conclusion that SUBURBAN did not have a legitimate basis for terminating JONES.

**COUNT I**
**Unlawful Discrimination Because of Race in Violation of Title 42 U.S.C. § 1981**

23. The allegations in paragraphs 6 through 22, above, are incorporated by reference, as if set forth fully herein.

24. This is a complaint for discrimination based on race in violation of 42 U.S.C. § 1981, against SUBURBAN.

25. The disparate treatment, described herein, was because of JONES's race. SUBURBAN and/or its agents engaged in discriminatory acts with malice or with reckless indifference to JONES's federally-protected rights. The discriminatory practice of SUBURBAN and/or its agents has affected the terms and conditions of JONES's employment.

26. As a direct and proximate result of these violations of his rights, JONES further alleges that he has suffered and will continue to suffer diminished wages, emotional distress, mental anguish, pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation and loss of savings.

## COUNT II
**Unlawful Retaliatory Termination in Violation of Title 42 U.S.C. § 1981**

27. The allegations in paragraphs 6 through 26, above, are incorporated by reference, as if set forth fully herein.

28. This is a complaint for retaliation based on a prior charge of race-based discrimination in violation of 42 U.S.C. § 1981, against SUBURBAN.

29. The disparate treatment, described herein, was because of JONES's race. SUBURBAN and/or its agents engaged in discriminatory acts with malice or with reckless indifference to JONES's federally-protected rights. The discriminatory practice of

SUBURBAN and/or its agents has affected the terms and conditions of JONES's employment.

30. As a direct and proximate result of these violations of his rights, JONES further alleges that he has suffered and will continue to suffer diminished wages, emotional distress, mental anguish, pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation and loss of savings.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ROOSEVELT JONES, respectfully demands judgment against the Defendant, SUBURBAN PROPANE, INC., and requests this Honorable Court for entry of an Order making JONES whole by awarding him the following relief:

A. Front pay in an amount this Court deems appropriate, or alternatively, directing Defendant to reinstate Plaintiff to his former position;

B. Actual damages in an amount to be determined at trial;

C. Compensatory damages in amount to be determined at trial;

D. Punitive damages in an amount to be determined at trial;

E. All attorney fees and costs of this action;

F. Any such other and further relief as this Court deems just and equitable.

Plaintiff ROOSEVELT JONES respectfully requests a trial by jury.

## VERIFICATION

I affirm under penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information, and belief.

_____
ROOSEVELT JONES

Respectfully submitted,

_____
GARY LEE PRINTY
FL BAR ID NO. 363014
ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211

Attorney for Plaintiff,
ROOSEVELT JONES