**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


ROOSEVELT JONES,

       Plaintiff,

v.                              CASE NO.  4:13cv115-RH/CAS

SUBURBAN PROPANE, INC.,

       Defendant.

_____/


## ORDER GRANTING SUMMARY JUDGMENT


This is an employment-discrimination case.  The plaintiff asserts that he was fired because of his race or in retaliation for complaining about racial discrimination.  The defendant says the plaintiff was fired for insubordination.  The defendant has moved for summary judgment.  This order grants the motion.

### I

A party who moves for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Disputes in the evidence must be resolved, and all reasonable

inferences from the evidence must be drawn, in favor of the nonmoving party.
This order sets out the facts that way.

## II

In 1977, the plaintiff Roosevelt Jones, who is African American, began work as a delivery driver for the defendant Suburban Propane, Inc.

In 2006, Suburban Propane hired Mack Hacker. Mr. Hacker's duties included hiring and firing employees.

In 2010, Mr. Jones and another employee filed a charge of racial discrimination with the Florida Commission on Human Relations. The charge was resolved about two months later through a confidential settlement agreement.

On June 23, 2012, the Suburban Propane answering service received a call from a person who identified himself as Mr. Jones's nephew. The caller alleged that Mr. Jones was driving a company truck while intoxicated, selling drugs from the truck, and transporting a nonemployee in the truck. The answering service reported this to Mr. Hacker.

Mr. Hacker called Mr. Jones to discuss the allegations. In a series of telephone calls, Mr. Jones repeatedly told Mr. Hacker that this was a family problem and that Mr. Hacker should stay out of Mr. Jones's business. Mr. Hacker says Mr. Jones cursed at Mr. Hacker, but Mr. Jones, while acknowledging that he might have said "some choice things" to Mr. Hacker, denies cursing at Mr. Hacker

directly.  ECF No. 20-3 at 32.  For summary-judgment purposes, Mr. Jones's

account of this must be accepted as true.

In any event, Mr. Hacker thought Mr. Jones's speech was slurred.  Mr.

Hacker did not want Mr. Jones to drive.  Mr. Hacker told Mr. Jones he would send

someone to get the truck.  Mr. Hacker asked Mr. Jones for his location.  Mr. Jones,

who had the truck at his home, repeatedly refused to provide the address.

Mr. Hacker told Mr. Jones that if he did not tell Mr. Hacker the truck's

location, Mr. Jones's job would be in jeopardy.  Mr. Jones still refused to give the

address and said he would call a wrecker to have the truck towed.  Mr. Hacker told

Mr. Jones not to do that and said that if Mr. Jones did call a wrecker, he would be

responsible for the towing fee.  Mr. Jones never told Mr. Hacker the truck's

location.  Mr. Hacker learned later that the truck had been towed to Suburban

Propane's lot.

On June 26, 2012, Mr. Hacker, accompanied by another manager, met with

Mr. Jones.  Mr. Jones offered no reasonable explanation for refusing to tell Mr.

Hacker the truck's location or for calling a tow truck contrary to Mr. Hacker's

instruction.

Mr. Hacker decided to terminate Mr. Jones for insubordination and based on

Mr. Jones's attitude in the June 23 telephone calls and June 26 meeting.  Mr.

Hacker says Mr. Jones was not terminated based on the allegations of alcohol use and drug sales because the allegations were not proven.

## III

When, as here, an employee relies on circumstantial evidence in support of a claim of racial discrimination or retaliation, the employee may proceed under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later cases. Under that framework, an employee first must present a prima facie case. The employer then must proffer a legitimate nondiscriminatory, nonretaliatory reason for its decision. The employee then must show that the proffered reason was not the real reason for the decision and that instead a reason was discrimination or retaliation. Alternatively, the employee may present other evidence from which a reasonable factfinder could infer prohibited discrimination or retaliation. *See*, *e.g.*, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

## IV

In a termination case, a prima facie case consists of a showing that (1) the plaintiff was a member of a protected class, (2) the plaintiff was qualified for the position the plaintiff held, (3) the plaintiff was terminated, and (4) the plaintiff was replaced by a person outside of the protected class or that a similarly-situated employee outside the protected class was not terminated. *See, e.g.*, *Maynard v. Bd.*

*of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802); *see also Smith*, 644 F.3d 1321 at 1325.

Suburban Propane says Mr. Jones has not established a prima facie case because he was not replaced at all—an existing employee took over his route—and nobody else engaged in conduct similar to his. But the existing employee who took over Mr. Jones's route was white. There is at least some authority that this suffices. *See Lawson v. Plantation Gen. Hosp., L.P.*, 704 F. Supp. 2d 1254, 1284 (S.D. Fla. 2010); *Miller v. Aramark Corp.,* No. 1:03cv1546, 2004 WL 1781103, at *4 (N.D. Ga. July 14, 2004). As was done in *Hidalgo v. Overseas Condado Ins. Agencies, Inc.,* 120 F.3d 328, 334 (1st Cir.1997), I assume without deciding that Mr. Jones has established a prima facie case.

Suburban Propane has offered Mr. Jones's insubordination and attitude on June 23 and 26 as the legitimate nondiscriminatory reason for Mr. Jones's termination. It is undisputed that Mr. Jones engaged in conduct that a reasonable employer could deem insubordinate. Indeed, it is difficult to imagine any employer *not* deeming Mr. Jones's conduct insubordinate. Mr. Jones has pointed to no Suburban Propane employee who engaged in conduct remotely similar to this but was not terminated.

Mr. Jones's burden is to "meet [Suburban Propane's explanation] head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir.2000) (en banc). Mr. Jones has not done so.

To be sure, Mr. Jones offers explanations for his conduct, including that he could not remember his address because of stress and high blood pressure. But the critical issue is not whether Mr. Jones had an excuse for his insubordinate conduct, nor even whether he was in fact insubordinate (as he clearly was). The critical issue is whether Mr. Hacker believed Mr. Jones was insubordinate and fired him for that reason. *See Dent v. Ga. Power Co.*, 522 F. App'x 560, 564 (11th Cir. 2013); *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004).

This record includes no evidence casting the slightest doubt on Mr. Hacker's legitimate nondiscriminatory reason for firing Mr. Jones: Mr. Hacker's belief that Mr. Jones was insubordinate. Suburban Propane is entitled to summary judgment on this claim.

In reaching this conclusion, I have not overlooked Mr. Jones's testimony that a now-deceased supervisor told Mr. Jones in 2011 to "be careful" because Mr. Hacker was "going to get rid of you." ECF No. 20-3 at 43. The supervisor said nothing about race. And even if Mr. Jones's testimony about what the supervisor said could somehow be deemed admissible evidence of Mr. Hatcher's intent to fire Mr. Jones for an unfounded reason—an unlikely proposition—the record

establishes that Mr. Hatcher did not do so.  Instead, Mr. Jones was insubordinate to an extent that many and probably most employers would find grounds for termination.  Mr. Jones was fired based on that insubordination.

V

In a retaliation case, a prima facie case consists of a showing that (1) the plaintiff engaged in protected activity, (2) the plaintiff suffered an adverse employment action, and (3) the protected activity and adverse action were causally related.  *See, e.g.*, *Wideman v. Wal-Mart Stores, Inc.,* 141 F.3d 1453, 1454 (11th Cir.1998).

The last element—a causal relationship—requires a showing only that the protected activity and adverse action were not "completely unrelated."  *Id.*  A close temporal relationship suffices, without more, but only if the temporal relationship must be very close.  *See, e.g.*, *Brown v. Ala. Dept. of Transp*., 597 F.3d 1160, 1182 (11th Cir. 2010) (finding three months too long, standing alone, to support an inference of causation); *Wascura v. City of S. Miami,* 257 F.3d 1238, 1247 (11th Cir.2001) (finding three and a half months too long, standing alone, to support an inference of causation).

Mr. Jones has not established a prima facie case of retaliation.  The gap between the protected activity and the termination was more than two years.  And

the record includes no other evidence suggesting any connection between the two events.

Moreover, even if Mr. Jones could establish a prima facie case of retaliation, Suburban Propane would be entitled to summary judgment based on its legitimate nonretaliatory reason for the termination, as set out in Section IV above.

VI

For these reasons,

IT IS ORDERED:

1.      Suburban Propane's summary-judgment motion, ECF No. 18, is GRANTED.

2.      The clerk must enter judgment stating, "The claims of the plaintiff Roosevelt Jones against the defendant Suburban Propane, Inc. are dismissed with prejudice."

3.      The clerk must close the file.

SO ORDERED on January 17, 2014.

s/Robert L. Hinkle_____
United States District Judge